## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Infant C.

### November 17, 1995

BY JUDGE RANDALL G. JOHNSON

This is an appeal from an order of the Juvenile and Domestic Relations District Court of the City of Richmond, which denied a petition for "judicial consent" to a "Do Not Resuscitate Order" for an infant. The actual file designation is not given in the interest of the privacy of the parties. An evidentiary hearing was held on November 16, 1995.

The infant was born in Richmond on October 16, 1994, and is described as being "severely neurologically devastated." He probably cannot see, can only hear very loud noises, cannot roll over, is dependent upon a feeding tube and a ventilator tube, and otherwise suffers from severe central nervous system problems. He has a probable life expectancy of two to three years, and will need 24-hour medical and nursing care his entire life. His mother, who was sixteen years old when the infant was born, is mentally retarded and in the care of her father. The identity of the infant's father is unknown. Because of the infant's medical needs and the mental incapacity of his mother, legal custody of the infant was awarded to the Richmond Department of Social Services, and that custody order is still in place.

The present petition was filed by the infant's guardian *ad litem*. It seeks from the court consent to allow the facility in which the infant is located to place a "Do Not Resuscitate Order" in the infant's medical chart, which essentially means that if the infant's heart stops beating, no measures need to be taken by the facility's medical staff to resuscitate him. The infant's treating physician recommends such an order, and the mother, who is represented by counsel, and other members of the infant's family agree that such an order is appropriate. The Department of Social Services has refused to consent to such an order, citing its policy against granting such consent in any case. The Department, however, through its counsel, does not object to the court's giving its consent to such an order.

At the evidentiary hearing, the court expressed to counsel its concern that the Emergency Medical Treatment and Active Labor Act (EMTALA),

42 U.S.C. § 1395dd, as interpreted by the United States Court of Appeals for the Fourth Circuit in *Matter of Baby K*, 16 F.3d 590 (4th Cir. 1994), precludes the court from granting the relief sought. Upon a further reading of that case, however, the court agrees with counsel's position that EMTALA applies only when treatment is requested by someone on behalf of the infant. In fact, this is made clear in the district court's opinion, which is located at 832 F. Supp. 1022 (E.D. Va. 1993), and in the statute itself. In the case at bar, no one requests resuscitation. Thus, the real and difficult question in this case is whether the court has the authority to consent to life-saving medical treatment being withheld from an infant. The court holds that it does not.

Petitioner argues that the court has the authority to grant the requested relief under its general power to do whatever is in the best interest of a child. The court is unaware of any such general power. In fact, Va. Code § 16.1-241 sets out the jurisdiction of juvenile courts — and, by necessary implication, of circuit courts in *de novo* appeals of juvenile court cases — with regard to juveniles. On the subject of medical treatment, § 16.1-241(D) gives juvenile courts jurisdiction of:

> Judicial consent for emergency surgical or medical treatment for a child who is neither married nor has ever been married, when the consent of his parent, guardian, legal custodian or other person standing in loco parentis is unobtainable because such parent, guardian, legal custodian or other person standing in loco parentis (i) is not a resident of this Commonwealth, (ii) his whereabouts is unknown, (iii) he cannot be consulted with promptness, reasonable under the circumstances or (iv) fails to give such consent or provide such treatment when requested by the judge to do so.

The court does not accept petitioner's argument, as testified to by the infant's treating physician, that *withholding* life-saving treatment is actually a form *of* treatment. To the contrary, the court holds that § 16.1-241(D) does not authorize the court to consent to withholding life-saving treatment from a juvenile. As previously noted, the court is also unaware of any other statutory or common law authority for such consent being given.

Finally, the court is aware that in at least one jurisdiction, juvenile courts have been found to possess the general authority petitioner argues for here. *See In re C.A.*, 236 Ill. App. 3d 594, 603 N.E.2d 1171 (1992). The

court declines to follow that case. For an issue as important and irreversible as this one, the court believes that clear legislative authority in this state is required. Because no such authority exists, the petition will be denied.